**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **THOMAS F. JERNIGAN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | **Civil No. 7:15-cv-0067-HL-TQL** |
| | : | |
| **Judge JOHN KENT EDWARDS, JR,** | : | |
| **and LOWNDES COUNTY STATE** | : | |
| **COURT,** | : | |
| | : | |
| **Defendants.** | : | |

---

**<u>AMENDED ORDER</u>**[1]

Petitioner Thomas F. Jernigan, an inmate currently confined at the Lowndes County Jail, in Valdosta Georgia, filed the above-captioned proceeding in this Court seeking relief under 42 U.S.C. § 1983. In this action, Plaintiff challenges the validity of his current confinement and seeks relief in the form of both money damages and an order for his release. Plaintiff's Amended Complaint,[2] however, raises legal issues only considered in a habeas action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."). Plaintiff cannot challenge his conviction or sentence under § 1983 unless he first shows that his conviction or sentence has already been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* Even when liberally construed in his favor, Plaintiff's

---

1 The Court's Order (Doc. 6) is hereby **VACATED** pursuant to Fed. R. Civ. P. 60(a).
2 Plaintiff's Motion to Amend (Doc. 5) is **GRANTED**, and the Complaint is deemed amended as of the date of Plaintiff's Motion.

Complaint does not include any allegation suggesting that his conviction or sentence has been reversed, expunged, or otherwise invalidated. (*See* Docs. 1, 5)

Plaintiff's § 1983 complaint is accordingly **DISMISSED without prejudice** for failure to state a claim, *see* 28 U.S.C. 1915A(b)(1), and his pending Motion to Proceed *in forma pauperis* (Doc. 2) shall be **GRANTED** only for the purpose of dismissal.

To the extent that Plaintiff seeks to invalidate his conviction or sentence, he may recast his claims on a standard application for habeas relief under 42 U.S.C. § 2254 and file it as a new action in this Court.   The Clerk of Court is thus **DIRECTED** to provide Plaintiff with a form habeas application.   Plaintiff is advised, however, that § 2254 has an exhaustion requirement.   A state prisoner is required (with few exceptions) to "exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971).   "A failure to exhaust occurs . . . when a petitioner has not 'fairly presented' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Pope v. Secretary for Dept. of Corr.*, 680 F.3d 1271, 1284 (11th Cir. 2012) (internal alterations omitted); *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam).   Thus, if Plaintiff files a habeas petition in this Court prior to exhausting all available state remedies, his petition will also likely be dismissed without prejudice to allow for such exhaustion.   *See Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013).

**SO ORDERED**, this 8th day of May, 2015.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

jlr

2